This matter comes before me on a motion to strike out the bill of complaint upon the ground that it discloses no cause of action against the defendants, Concetta Carmine Guarino and Nicholas Joseph Guarino.
The complainant, by her bill, seeks to impress a trust upon the proceeds of the sale of certain lands located in Belleville, Essex County, which were formerly owned by Angelina Murano, the complainant's mother. Angelina Murano died seized of these lands in 1942 and devised them in her last will and testament.
The present motion calls for a construction of that will, the pertinent paragraphs of which are as follows: *Page 204 
"Second: I give and bequeath all my personal property unto my daughter Christina Guarino.
"Third: I give, devise and bequeath unto my beloved daughter Christina Guarino all my real property wherever situate, to have, hold, receive, use and enjoy the rents, interests, issues and profits thereof, during the term of her natural life and from and after her decease, I give, devise and bequeath my said real property unto my beloved grandchildren Nicholas Joseph Guarino and Concetta Carmine Guarino, their heirs and assigns forever.
"Fourth: Inasmuch as I am giving, by this will all of my real property to my daughter Christina Guarino for life and to her children in fee, it is my wish and desire that my said daughter Christina Guarino, in the event of her ability so to do, to give to my daughters Vella Totino and Vincenza Gintella, the sum of Fifteen Hundred ($1,500.00) Dollars, each, in cash.
"Fifth: I hereby nominate, constitute and appoint my daughter, Christina Guarino, as executrix of this my Last Will and Testament and I further direct that my said executrix is to serve without bond."
In 1945, Christina Guarino, the legatee and devisee of the life estate, died, and the defendants in this suit, Nicholas Joseph Guarino and Concetta Carmine Guarino, her children, became seized of the entire fee. Christina Guarino, during her life, never paid any money to Vella Totino and Vincenza Gintella.
In September, 1946, the Essex County Right of Way Commission decided to take part of the lands in question for the widening of a street. After a hearing, the sum of $10,756.97 was awarded as damages.
After the award was made, complainant filed this bill and obtained an order to show cause which included a restraint against the treasurer of Essex County from paying out the said award until the further order of this court.
Complainant contends that the testatrix by her will impressed a precatory trust in her favor in the amount of $1,500 upon the whole of the estate including the remainder devised to Nicholas Joseph Guarino and Concetta Carmine Guarino. The complainant prays that this sum be paid to her out of the award made by said Commission.
The defendants contend that the testatrix did not intend by the conditions employed in her will to subject the remainder, which she devised to these defendants, to a trust in favor of the complainant. They, therefore, urge that the bill of complaint be dismissed. *Page 205 
It should be noted that the representative of the estate of Christina Guarino is not a party to this suit. There is no allegation in the bill that these defendants, upon her death, participated in any manner in her estate. The only claim made by complaint is against the moneys awarded by said Commission subsequent to the death of Christina Guarino. At that time these defendants were seized of the entire fee in the premises.
Assuming that the testatrix intended to establish a trust for the benefit of the complainant, it is apparent from a careful examination of the whole will that testatrix intended to burden that portion of her estate which she bequeathed and devised to her daughter, Christina Guarino, with such trust. It does not seem by any reasonable inference that testatrix intended when she made the will to subject the remainder devised to Nicholas Joseph Guarino and Concetta Carmine Guarino with a trust in favor of Vella Totino and the complainant.
I have, therefore, concluded that the bill should be dismissed and the restraint lifted, but without prejudice.